UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL HERRICK, | : | CIVIL ACTION NO. |
| | : | 1:08cv05569-DC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED RECOVERY SYSTEMS, LP, | : | |
| | : | |
| Defendant. | : | ANSWER |

The defendant, United Recovery Systems, LP ("URS"), by and through the undersigned counsel, for its Answer to the Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1. Admits that plaintiff purports to bring this action on his behalf and that of others under the FDCPA, denies liability thereunder, and otherwise denies the allegations of this Paragraph 1.

2. Admits the first sentence of this Paragraph 2, and denies the remaining allegations of this Paragraph 2.

3. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 3 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

4. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 4 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

5. Admits the first and third sentences of this Paragraph 5, and otherwise denies the remaining allegations of this Paragraph 5.

6. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 6 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

7. Admits that plaintiff purports to bring this action as a nationwide class action, denies that a class action is appropriate, that plaintiff's class definition is appropriate, and otherwise denies the allegations of this Paragraph 7.

8. Defendant denies the allegations set forth in Paragraph 8 of plaintiff's Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of plaintiff's Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of plaintiff's Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of plaintiff's Complaint.

12. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 12 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

13. Defendant denies the allegations set forth in Paragraph 13 of plaintiff's Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of plaintiff's Complaint.

15. Admits that on or about May 4, 2007 defendant URS sent a letter to plaintiff seeking payment of amounts allegedly owed to American Express, a copy of which is annexed to the Complaint as Exhibit A, and otherwise denies knowledge or information as to the remaining allegations of this Paragraph 15 and therefore denies same leaving plaintiff to his strictest burden of proof.

16. Admits that after May 15, 2007, URS received a letter, a copy of which is attached to the Complaint as Exhibit B, and otherwise denies the remaining allegations of this Paragraph 16.

17. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 17 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

18. Defendant denies the allegations set forth in Paragraph 29 of plaintiff's Complaint.

19. Defendant has insufficient information and knowledge to form a belief as to the truth of the allegations of this Paragraph 19 and therefore denies the same and puts plaintiff to his strictest burden of proof thereof.

20. Defendant denies the allegations set forth in Paragraph 20 of plaintiff's Complaint.

21. URS hereby repeats the answers to Paragraphs 1-20 of this Answer as the answer to this Paragraph 21 of the Complaint as though fully set forth herein.

22. Defendant denies the allegations set forth in Paragraph 22 of plaintiff's Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of plaintiff's Complaint.

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's action is barred to the extent that it was commenced after the running of any applicable statute of limitations.

### Third Affirmative Defense

The plaintiff's claims are barred, in whole or in part, to the extent that any violation of the Fair Debt Collection Practices Act by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, URS respectfully request that the Complaint be dismissed with prejudice, and that defendant be awarded its reasonable costs, including attorney's fees, or such other and further relief as equity and the interests of justice may require.

Dated at Bridgeport, Connecticut
August 15, 2008

THE DEFENDANT
UNITED RECOVERY SYSTEMS, LP


By:\_\_\_/S/_____
    Jonathan D. Elliot

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Boulevard
    Bridgeport, CT  06604
    Tel:  (203) 333-9441
    Fax: (203) 333-1489
    Juris No.  69695
    Email:  jelliot@znclaw.com

Its Attorneys

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                              /S/
                                    Jonathan D. Elliot